## CIRCUIT COURT OF THE CITY OF RICHMOND

Irene H. Jennings

v.

Stuart E. Jennings

September 4, 1996

Case No. HH-720-A4

BY JUDGE RANDALL G. JOHNSON

This is an appeal from juvenile court involving the wife's petition for spousal support. At issue is whether the parties' separation agreement, signed almost a year after their separation, is invalid because of undue influence or duress exerted by the wife on the husband. If the agreement is valid, the husband is obligated to pay his wife $1,416 a month in spousal support. If it is not valid, the court must decide whether spousal support is appropriate and, if so, in what amount.

On its face, the seventeen-page agreement appears to be valid. It was prepared by a lawyer chosen by the wife, is typewritten, detailed, and contains all of the usual provisions, including an acknowledgment by the husband that he was advised of his right to retain counsel — even encouraged to do so — and voluntarily chose not to. In addition, paragraph IV provides:

> [Each party] has executed this Agreement of his and her own volition, after a full review and explanation of all the terms and provisions hereof, *free from any persuasion, influence, duress or fraud on the part of the other,* or any person whomsoever, it being the intention and desire of the Husband and Wife that their respective rights in and to each other's property and estate accruing by operation of law shall be determined and fixed by this Agreement and not otherwise except as may be provided herein.

Emphasis added.

While the above language is strong evidence that no undue influence or duress as alleged by the husband is present, it is not conclusive. The court finds that the agreement was signed by the husband under duress and is invalid.

The husband testified, and the wife confirmed, that for weeks and months leading up to the execution of the agreement, the wife made numerous telephone calls and visits to the husband and his girlfriend demanding that he sign a separation agreement. These calls often became threatening, the wife once asking the husband if he had heard of Wayne Bobbitt, a man whose penis was cut off by his wife. The husband says he signed the agreement only to stop the threats. The court accepts the husband's testimony.

It is elementary that in order for any contract, including a separation agreement, to be valid, it must be entered into by the parties of their own free will. A "contract signed at gunpoint" is no contract at all. And while contracts are often signed to avoid lawful "threats," such as threats of litigation, threats of publicity and embarrassment, threats of loss of property or money, and so on, the types of threats claimed by the husband and acknowledged by the wife in this case are not acceptable. The court also rejects the wife's argument that she "didn't mean it" or was just acting out of frustration. The wife's actions were totally improper and serve to void the parties' agreement.

Having determined that the agreement is invalid, the court must now decide whether to award the wife any support at all. An award will be made. This is so because in spite of her improper conduct, the wife is in need of help from her husband and he is able to provide that help. After considering the factors set out in Va. Code § 20-107.1, particularly the ages of the parties (wife is 65; husband is 63), their education (wife: two years of college; husband: ninth grade), length of marriage (nine years before separation), property owned (wife owns a house with $43,000 in equity; husband owns no real estate), and income (wife receives $305 a month from social security; husband has a general contracting business which has not been very successful), the court will award the wife spousal support of $500 a month, effective July 1, 1996.

Mr. Clarke is asked to prepare a sketch of an order consistent with this opinion and which includes the applicable notice provisions of Va. Code § 20-60.3. The order should also remand the case to juvenile court for such further action as is appropriate.